**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAVIER DE SANTIAGO-PEREZ, | ) Case No. EDCV 19-2262-CJC (JPR) |
| Petitioner, | )<br>) ORDER ACCEPTING FINDINGS AND |
| v. | ) RECOMMENDATIONS OF U.S.<br>) MAGISTRATE JUDGE<br>) |
| WILLIAM BARR, Attorney<br>General, et al., | )<br>) |
| Respondents. | )<br>) |

The Court has reviewed the Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge, which recommends that the Petition (as narrowed in the Reply) be granted and Respondents be ordered to give Petitioner a bond hearing within 30 days and each six months thereafter until his ICE custody ends or the injunction modified in <u>Rodriguez v. Robbins</u>, 804 F.3d 1060 (9th Cir. 2015) ("<u>Rodriguez III</u>"), <u>rev'd & remanded sub nom. by</u> <u>Jennings v. Rodriguez</u>, 138 S. Ct. 830 (2018), is vacated. <u>See</u> 28 U.S.C. § 636(b)(1).  On August 6, 2020, Respondents filed objections to the R. & R.; on August 20, Petitioner filed a response.

Respondents concede that the permanent injunction issued in

1

<u>Rodriguez v. Holder</u>, No. CV 07-3239 TJH(RNBx), 2013 WL 5229795 (C.D. Cal. Aug. 6, 2013), remains in place as a preliminary injunction and requires the government to conduct a bond hearing for class members who have been detained longer than six months. (Objs. at 1-2.)  They also concede that the Ninth Circuit, when reviewing that injunction in <u>Rodriguez III</u>, held that the government must conduct periodic bond hearings for class members every six months.  (<u>Id.</u>)  But despite acknowledging in their original briefing that the Ninth Circuit's periodic-bond-hearing ruling "modified the District Court's permanent injunction" (<u>see</u> Resp't's Suppl. Return at 1), they now argue that the Magistrate Judge erred in so finding (<u>see</u> Objs. at 2; R. & R. at 7, 9).

As the Magistrate Judge pointed out and Respondents have not even tried to refute, they have repeatedly argued before various courts that the injunction requiring periodic bond hearings remains in place after <u>Jennings</u> but should be vacated.  (<u>See</u> R. & R. at 8-9; <u>see generally</u> Objs. (nowhere disputing that they have so argued).)  As the Magistrate Judge noted, both the district court and the Ninth Circuit have rejected that argument in the <u>Rodriguez</u> litigation (<u>see</u> R. & R. at 8-9), and at least one other court has found that even after <u>Jennings</u> the <u>Rodriguez</u> injunction requires periodic bond hearings.  <u>See</u> <u>Meza v. Bonnar</u>, No. 18-cv-02708-BLF, 2018 WL 2151877, at *2 (N.D. Cal. May 10, 2018) ("Pending determination on the merits of the constitutional issue, the Ninth Circuit has denied the government's motion to vacate a permanent injunction requiring periodic bond hearings for detailed [sic] aliens.").  Respondents' arguments here that the periodic-bond-hearing requirement has somehow magically

dissipated should not be countenanced.  _Cf._ _United States v. Liquidators of Eur. Fed. Credit Bank_, 630 F.3d 1139, 1149 (9th Cir. 2011) (government judicially estopped from taking position inconsistent with that in prior proceeding); _Davila-Bardales v. I.N.S._, 27 F.3d 1, 5 (1st Cir. 1994) (finding troubling "prospect of a government agency treating virtually identical legal issues differently in different cases, without any semblance of a plausible explanation").

Respondents claim for the first time in their Objections that although the Ninth Circuit clearly directed the district court to modify the injunction to include periodic bond hearings, _see_ _Rodriguez III_, 804 F.3d at 1090, the lower court never actually did so (_see_ Objs. at 2).  As an initial matter, the district court certainly seems to think it did.  (_See_ Suppl. Return, Ex. 11 at 4 (district court rejecting Respondents' motion to vacate injunction, including portion requiring periodic bond hearings, because "the Ninth Circuit, on remand from the Supreme Court, left the permanent injunction in place pending consideration of the constitutional issues").)  But in any event, any such procedural glitch would not render the Ninth Circuit's express modification void — or not binding on this Court — and Respondents cite no law to the contrary.  Under Respondents' reasoning, the district court's original injunction remains in place (_see_ Objs. at 2 & n.2); but it applied to noncitizens detained under 8 U.S.C. § 1231(a), and _Rodriguez III_ held that they are "not members of the certified class." 804 F.3d at 1074. Respondents are clearly wrong.  _See_ _Flores Tejada v. Godfrey_, 954 F.3d 1245, 1250 n.4 (9th Cir. 2020) ("_Rodriguez III_ made clear

1   that aliens detained pursuant to § 1231(a)(6) were not class

2   members in that case.").

3       Flores Tejada, cited by Respondents (see Objs. at 2-3), has

4   no bearing on the issues here and in dictum actually undermines

5   their position.  In it, the Ninth Circuit reviewed a statute-

6   based periodic-bond-hearing order for those in withholding-only

7   proceedings and held that Rodriguez III did not support such a

8   requirement.  954 F.3d at 1249-51.  But as Petitioner points out

9   (see Resp. at 8), Flores Tejada addressed only whether bond

10  hearings were required under § 1231(a)(6) and not under the

11  statutes at issue in Rodriguez III and here (or the Constitution,

12  which is what the continuing proceedings in Rodriguez concern).

13  See Flores Tejada, 954 F.3d at 1250 n.4.  Flores Tejada

14  affirmatively noted that "Rodriguez . . . imposed additional

15  procedural requirements" — bond hearings every six months — "with

16  respect to aliens detained pursuant to §§ 1225, 1226(a), and

17  1226(c)."  Id.  Because the Rodriguez injunction requiring

18  periodic bond hearings remains in place during adjudication of

19  the constitutional issue, a circumstance that is not at all

20  unusual (see R. & R. at 7-8), Petitioner is entitled to such

21  hearings no matter how skeptical Flores Tejada might have been

22  concerning whether the Ninth Circuit or the Supreme Court will

23  eventually find those hearings required by the Constitution.

24      Having reviewed de novo those portions of the R. & R. to

25  which Respondents object, the Court agrees with and accepts the

26  findings and recommendations of the Magistrate Judge.  IT

27  THEREFORE IS ORDERED that Petitioner's request for judicial

28  notice is granted, the Petition as narrowed in the Reply is

4

granted, and Respondents must give Petitioner a bond hearing within 30 days and then every six months thereafter until his ICE custody ends or the injunction modified in Rodriguez III is vacated.[1]

DATED: August 26, 2020

_____
CORMAC J. CARNEY
U.S. DISTRICT JUDGE

---

[1] Because the Magistrate Judge correctly found that Petitioner is entitled to periodic bond hearings under the Rodriguez injunction, she properly did not address his constitutional argument, and this Court refrains from doing so as well. Thus, Respondents' argument that Petitioner must seek any constitutional relief as a member of the class in Rodriguez (Return at 12; see also Objs. at 3-4) is moot. Respondents argue in a footnote, without citing any authority, that "[a]lternatively, to the extent [Petitioner] believes the government is violating the injunction by failing to provide periodic hearings, he may seek to raise that issue in Rodriguez itself." (Objs. at 4 n.5.) They do not argue that he must do so, however, and the Court declines to research the issue for them.